## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ryan C. Edner, <br><br> Plaintiff, <br><br> v. <br><br> Jason Jacobson, Redwood County Sheriff's Department, and Bostyn Thompson, City of Morgan Police Department, <br><br> Defendants. | Case No. 19-cv-2486 (SRN/LIB) <br><br><br> **ORDER ON PLAINTIFF'S OBJECTIONS** |

Ryan C. Edner, 416 4th Ave. N., Wahpeton, ND 58075, Pro Se Plaintiff

Riley P. Boehm and Vicki A. Hruby, Jardine, Logan & O'Brien, PLLP, 576 Bielenberg Dr., Ste. 100, Woodbury, MN 55125, for Defendants

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Ryan C. Edner's Objections [Doc. No. 70] to Magistrate Judge Leo I. Brisbois' January 20, 2026 Order  ("the Order") [Doc. No. 68].  In the Order, Magistrate Judge Brisbois granted in part and denied in part Plaintiff's Motion to Enter a Protective Order [Doc. No. 37], and granted Defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint [Doc. No. 46]. Based on a review of the record, the Court overrules Plaintiff's Objections and affirms the Order.

## I.      BACKGROUND

The Court incorporates by reference the magistrate judge's recitation of the facts and procedural history of the case.  (Order at 1–5.)  Mr. Edner objects to the magistrate judge's rulings on three issues:  (1) extending Defendants' deadline to answer; (b) not ordering state officials to grant simultaneous access to sealed records in Mr. Edner's underlying criminal case; and (c) various findings related to Mr. Edner's non-appearance at the December 18, 2025 hearing on the motions.

Defendants urge the Court to overrule Mr. Edner's Objections and affirm the Order, arguing that Mr. Edner fails to meet the standard for relief.  (Defs.' Opp'n [Doc. No. 73] at 1–2.)

## II.     DISCUSSION

The matters on which the magistrate judge ruled are considered non-dispositive because they did not resolve or terminate any claims or the case as a whole.  In reviewing a magistrate judge's order on non-dispositive matters, the Court will only set aside portions of the order if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a); Local Rule 72.2.  The "clear error" standard is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).  Such an order is "clearly erroneous" when, after a thorough review of the record, the "court is left with the definite and firm conviction that a mistake has been committed." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Thorne v. Wyeth*, No. 06-cv-3123 (PAM/JJG), 2007 WL 1455989, at * 1 (D. Minn. May 15, 2007)).  The order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of

procedure." *Id.* (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### A. Extending Defendants' Deadline to Anwer

The Order extended Defendants' deadline for responding to the Complaint to "within twenty-one days after the State Court issues its decision on Defendants' request for access to the sealed state court records." (Order at 10.) Mr. Edner objects to "tying the response deadline to an uncertain state-court decision date without any outside backstop," arguing that it "creates a substantial risk of open-ended delay beyond the parties' control." (Pl.'s Objs. at 2.)

However, after Mr. Edner filed his Objections on January 27, the state court issued its decision on Defendants' request for access to sealed state court documents on January 29. (*See State of Minnesota v. Edner*, No. 64-CR-15-649, Order Re: Access to Confidential or Sealed Record (Redwood Cnty. Dist. Ct. Jan. 29, 2026) [Doc. No. 71-1].) Pursuant to the terms of Judge Brisbois' Order, the Defendants' response was due twenty-one days later. Because Mr. Edner's objections concerning open-ended delay have now been rendered moot by the state court decision, and Defendants have responded to the Complaint by filing a motion to dismiss [Doc. No. 76], Mr. Edner's objection to the extension of Defendants' deadline to respond to the Complaint is overruled. *See Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (observing that the passage of time or a change in circumstances can render issues moot).

### B. Access to Sealed Records

In the Order, Magistrate Judge Brisbois also denied Mr. Edner's request for an order

requiring state officials to produce sealed records from his underlying criminal case simultaneously to both parties in this action. (Order at 6.)  The magistrate judge observed that Mr. Edner provided no authority under which the Court could issue such an order. Moreover, he noted that while the state court has a process in which parties may request access to sealed records, "Plaintiff declined to initiate or stipulate to the process." (*Id.* at 7.)

In his Objections, Mr. Edner fails to city any authority for the proposition that the magistrate judge clearly erred or that denying Mr. Edner's request for simultaneous disclosure from the state court was contrary to law.  Instead, Mr. Edner requests a "modification" to the Order that would require Defendants to produce within seven days any sealed materials that they obtain from the state court regarding his underlying criminal case. (Objections at 4.)  It appears that this request was not before Magistrate Judge Brisbois and therefore it does not serve as a proper basis for an objection.

In any event, Defendants contend that they provided Mr. Edner with state court records that they received on January 30, 2026. (Defs.' Opp'n at 5 n.5.)  They provided the records in the same form and on the same day in which they had received them. (*Id.*)  Defendants further agree to produce any records provided to them pursuant to authorizations from third-party executive branch agencies upon receipt, in the format received. (*Id.*)  However, as of the February 10, 2026 filing date of Defendants' Opposition Memorandum, the parties had "not worked out the logistics surrounding the production of County and City records, which must be reviewed by counsel prior to production." (*Id.*)

Because Mr. Edner fails to demonstrate that Magistrate Judge Brisbois clearly erred or that his ruling was contrary to law, Mr. Edner's Objections regarding access to sealed state

4

court records are overruled.  As to his requested "modification," which was not before the magistrate judge, it appears that the parties will likely resolve this issue without the Court's involvement.

### C. Miscellaneous Findings

In his Objections, Mr. Edner also requests that certain factual recitations in the Order be modified to reflect that:  (1) he missed the December 18, 2025 hearing on the underlying motions due to blizzard conditions; (2) he filed an emergency motion in which he sought a continuance of the hearing due to the weather conditions; and (3) his reason for not signing Defendants' proposed stipulation regarding access to the sealed records "was not opposition to access per se but a request for parity safeguards."  (Pl.'s Objs. at 4.)

As Defendants correctly observe, Mr. Edner's suggested modifications are not proper objections under Federal Rule of Civil Procedure 72(a) or Local Rule 72.2, which permit a party to object to a magistrate judge's order on the grounds that it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2.  The factual findings in question were not determinative of any of the issues before the magistrate judge.  Accordingly, because this objection does not meet the applicable legal standard, the Court overrules Mr. Edner's objection in this regard.

### III.   ORDER

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Objections [Doc. No. 70] to Magistrate Judge Leo I. Brisbois' January 20, 2026 Order are **OVERRULED**; and

5

2. Magistrate Judge Brisbois' January 20, 2026 Order [Doc. No. 68] is

**AFFIRMED**.

Dated: February 20, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
