**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ryan C. Edner,<br><br>Plaintiff,<br><br>v.<br><br>Jason Jacobson, Redwood County Sheriff's Department, and Bostyn Thompson, City of Morgan Police Department,<br><br>Defendants. | Case No. 19-cv-2486 (SRN/LIB)<br><br>**ORDER** |

Ryan C. Edner, 416 4th Ave. N., Wahpeton, ND 58075, Pro Se Plaintiff

Riley P. Boehm and Vicki A. Hruby, Jardine, Logan & O'Brien, PLLP, 576 Bielenberg Dr., Ste. 100, Woodbury, MN 55125, for Defendants

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Ryan C. Edner's Corrected Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) ("Rule 59 Motion"). (R. 59 Mot. [Doc. No. 102]; *see also* Pl.'s Reply [Doc. No.108].) Mr. Edner seeks to alter or amend the Court's June 26, 2026 Order [Doc. No. 95] dismissing his complaint with prejudice, along with the resulting Judgment [Doc. No. 96]. Mr. Edner also filed a Proposed Amended Complaint [Doc. No. 103] as an exhibit to his Rule 59 Motion. Defendants oppose the motion [Doc. No. 106].

Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes

in the time period immediately following entry of judgment." *Chapman v Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110 (8th Cir. 2017). Motions under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to judgment." *Id.* at 1112. To prevail on a Rule 59(e) motion, a party must direct the district court to either a mistake in the judgment or to newly discovered evidence that could not have been discovered prior to the court entering its decision. *See Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006). "District courts enjoy broad discretion to alter or amend judgments under Rule 59(e)." *Chapman*, 862 F.3d at 1110.

The Court agrees with Defendants that the Court previously rejected Mr. Edner's arguments, or, to the extent he reframes them, he could have raised them previously. He identifies no error of law in the Court's use of state court records in its analysis of collateral estoppel. He impermissibly repeats prior arguments or seeks to reargue his points more fully. In short, he does not meet the stringent requirements for relief under Rule 59(e).

Nor does Mr. Edner's Proposed Amended Complaint revive his claims. The Court dismissed his claims with prejudice and entered judgment, and he does not meet the stringent requirements for relief under Rule 59(e). *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (noting that to revive dismissed claims, postjudgment, "the original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)."). Nor does not identify any newly discovered evidence. To the contrary, Mr. Edner's proposed allegations were available to him before entry of judgment. *See United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933–34 (8th Cir. 2006) (denying postjudgment motion for

new trial where "new" evidence was readily available to movant prior to entry of judgment, and movant raised only "new opinions and suspicions" in support of motion for relief).

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Corrected Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) [Doc. No. 102] is **DENIED**.

Dated: October 8, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge